**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VERNON L. SPENCE,** | : | |
| | : | **Case No. 2:20-cv-00116** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Jolson** |
| **SOUTHERN DISTRICT COURT OF OHIO,** | : | |
| **OFFICE OF THE CLERK, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

<u>**OPINION & ORDER**</u>

**I. INTRODUCTION**

This matter is before the Court on Defendants Southern District Court of Ohio, Office of the Clerk and Chief Magistrate Judge Elizabeth P. Deavers' Motion to Dismiss. Doc. 7. Plaintiff Vernon L. Spence has not filed a response to the Motion and the time for doing so has now expired. For the reasons set forth below, the Court **GRANTS** Defendants' Motion [#7].

**II. BACKGROUND**

On December 17, 2019, Plaintiff filed a Writ of Mandamus with the Supreme Court of Ohio seeking to compel Defendants to waive the filing fee for a civil suit he previously initiated in the Southern District of Ohio. *See* Doc. 3. On January 7, 2020, Defendants filed a notice of removal with this Court pursuant to 28 U.S.C. § 1442, as the action involved federal government Defendants. Defendants now move to dismiss Plaintiff's Writ of Mandamus for a lack of subject-matter jurisdiction and a failure to state a claim upon which relief can be granted.

1

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) provides for the dismissal of a complaint for reasons such as a lack of subject-matter jurisdiction and a failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(1) & (6).  In a motion to dismiss for lack of subject-matter jurisdiction, the plaintiff has the burden of establishing that jurisdiction exists. *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012).  Similarly, to survive a motion to dismiss for a failure to state a cognizable claim, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  And although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

### IV. ANALYSIS

Defendants move to dismiss Plaintiff's Writ of Mandamus on two grounds: (1) the Court lacks subject-matter jurisdiction over this case; and (2) Plaintiff fails to demonstrate that he is entitled to a Writ of Mandamus.  Both arguments are meritorious.

#### A.  Whether the Court has Subject-Matter Jurisdiction

First, Defendants argue that this Court lacks subject-matter jurisdiction over this action. The Court agrees.

It is axiomatic that state courts lack jurisdiction to issue a writ of mandamus to a federal officer.  *Ohio ex. rel. Griffin v. Smith*, 2007 WL 1114252, at *1 (S.D. Ohio Apr. 12, 2007) ("Plaintiff sought a writ of mandamus from the Supreme Court of Ohio against Defendant Smith in her official capacity as the Clerk of the Courts for the Northern District of Ohio.  As the Magistrate Judge held, a state court does not have jurisdiction to issue a writ of mandamus to a federal officer.") (citing *M'Clung v. Silliman*, 19 U.S. 598, 603 (1821); *Ex parte Shockley*, 17 F.2d 133, 137 (N.D. Ohio 1926)).  And under the derivative jurisdiction doctrine, "if a state court did not have jurisdiction over an action that was then removed to federal court, then the federal court will not have jurisdiction even though it could have had jurisdiction had the action initially been brought in federal court."  *Id.* (citing *Lambert Run Coal. Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922)); *see Harris v. F.B.I.*, 2016 WL 4764898, at *2 (S.D. Ohio Sept. 13, 2016) ("[T]he derivative jurisdiction doctrine applies to cases removed under 28 U.S.C. § 1442 even if the district court would have had jurisdiction if the plaintiff had originally filed his action there.") (quoting *Waters v. F.B.I.*, 2011 WL 1575602, at *2 (S.D. Ohio Apr. 26, 2011)).

Here, like in *Griffin*, Plaintiff sought a Writ of Mandamus against federal actors in the Supreme Court of Ohio.  *See* 2007 WL 1114252 at *1.  Because, however, the Supreme Court of Ohio lacked jurisdiction to issue the Writ, this Court, upon removal, also lacks subject-matter jurisdiction to hear this case. *See id.*  Accordingly, Defendants' Motion to Dismiss is **GRANTED**.

### B.  Whether Plaintiff is Entitled to the Relief he Requests

Alternatively, Defendants argue that even if the Court had subject-matter jurisdiction over this case, Plaintiff cannot establish that he is entitled to the relief he requests.  Again, the Court agrees.

3

To attain a writ of mandamus, a plaintiff must show that "its right to issuance of the writ is 'clear and indisputable.'" *In re Bendectin Prods. Liability Litig.*, 749 F.2d 300, 303 (6th Cir. 1984) (quoting *In re Post-Newsweek Stations, Michigan, Inc.*, 722 F.2d 325, 329 (6th Cir. 1984)).  Here, however, Plaintiff has no clear, undisputable right to the waiver of court filing fees.  *See Walker v. Northern District Court of Ohio*, 2020 WL 512130, at *1 (N.D. Ohio Jan. 31, 2020) ("As an initial matter, the Defendant does not have a clear, nondiscretionary duty to waive the filing fee for the Plaintiff.").  To the contrary, "[p]roceeding *in forma pauperis* is a privilege, and not a right."  *Id.* (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)).  Accordingly, for this additional reason, Defendants' Motion to Dismiss is **GRANTED**.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Dismiss [#7]. This case is hereby **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 16, 2020**

4